FIDELITY & GUARANTY INS. UNDERWRITERS, INC., APPELLANT, *v.* GARY DOUGLAS ELECTRIC, INC., ET AL., APPELLEES.

(No. 7298—Decided May 29, 1974.)

*Mr. Timothy P. Ristau,* for appellant.

*Mr. Lawrence H. Curtis,* for appellee Watlow Electric Manufacturing Co.

*Mr. William J. Cady,* for appellee Gary Douglas Electric, Inc.

MAHONEY, J. The plaintiff Fidelity & Guaranty Insurance Underwriters, Inc. (Fidelity), the appellant herein, became subrogated to the rights of Theodore and Marcia Skorman for $70,666.27 in losses sustained from a fire in their home which, allegedly, started in a wall of the sauna room.

Fidelity then commenced this action to recover its losses. It joined as defendants: (1) Lewis May, the seller of the sauna unit and the general contractor for its installation; (2) Gary Douglas Electric, Inc., the installer of the sauna wiring; (3) Watlow Electric Manufacturing Co., the manufacturer of the thermostat that controlled the sauna heater; (4) The Baker Company, Inc., manufacturer of the sauna; (5) the Edwin L. Wiegand Co., manufacturer of the heating element in the sauna; and (6) Joseph Sternbauer, the general contractor for the construction of the house.

Subsequently, upon motion, Sternbauer was dismissed, and upon a motion to dismiss for lack of jurisdiction, The Baker Company was dismissed. The Edwin L. Wiegand Company was dismissed voluntarily by the plaintiff.

At the conclusion of the evidence offered by Fidelity, the trial court directed a verdict in favor of the remaining defendants on the premise that "there is no firm ground of probable cause in this case." The court held further:

"The court will have to find that the probable cause is not supported by anything in the testimony of the expert. * * *

"In other words, upon the testimony of the expert [Berndsen] and also the Fire Chief probable cause was not shown whereby the court could send the case—that is, had to be tried by the defendants upon their defense * * *."

From the judgment entered, plaintiff has appealed, and for its assignments of error it states:

"1. The court erred in denying plaintiff the right to introduce expert testimony relating to the origin and cause of the fire and resulting loss; specifically, that the court erred in denying two expert witnesses the opportunity to testify regarding their opinions as to the origin and cause of the fire in question and to otherwise fully testify.

"2. The court erred in granting the motions of defendants, Gary Douglas Electric, Inc., Watlow Electric Manufacturing Co., and Lewis May, for directed verdicts and judgments in their favor at the close of the testimony on behalf of plaintiff.

"3. The judgments are not sustained by the evidence and are against the manifest weight of the evidence and are contrary to law.

"4. The court erred in not permitting plaintiff to examine fully on direct and redirect testimony William R. Berndsen.

"5. The court erred in not admitting into evidence plaintiff's Exhibits No. 34, No. 52, No. 53, No. 54, No. 56, No. 62, and No. 70."

The first three assignments of error deal with the directed verdict, and the admission of and/or the weight to be given the testimony of the expert witnesses, Ralph Schueller, Vernon O'Dell, and William Berndsen. We will, therefore, consider these three assignments together.

Ralph Schueller was the district Fire Chief, who arrived at the fire scene and made an investigation. After testimony concerning what he had done at the fire, and his observations, the trial judge sustained an objection to the following question:

"Q. [Mr. Ristau]. Chief Schueller, based upon your years of experience in fire fighting, and based upon your observation of the physical appearance at the scene of the fire in question, do you have an opinion as to the origin of that fire?"

Vernon O'Dell, an investigator for the Akron Fire Department, was called by the plaintiff as an expert witness, even though he had not investigated the fire but had examined some of the physical exhibits, like the switch and outlet boxes. At the conclusion of his testimony, he was

asked a hypothetical question concerning the origin of the fire. The trial court again sustained the objection to that question.

The issues raised by the trial court's rulings are as follows:

(A) Are "origin" and "cause" synonymous?

(B) Are "origin" and "cause" of the fire matters within the experience, knowledge and comprehension of laymen which the jury may deduce from the facts; or are they matters requiring an expert opinion to aid the jury because they are outside of such experience or knowledge of laymen?

(C) If either "origin" or "cause," or both, are outside of the experience, comprehension or knowledge of laymen and require expert opinion, may the opinion be admitted even though the cause of the fire is an ultimate question for the jury to decide?

We must distinguish between "origin" and "cause." "Origin" is the place where something starts. It is the source or beginning place. "Cause," on the other hand, is a condition or happening that brings about a specific effect or produces a resultant condition. "Origin" may or may not have a direct bearing on "cause." The "cause" is "why" something began or happened. The words are not synonymous.

Whether or not "origin" and "cause" require an expert opinion for their establishment depends upon the facts and circumstances of each case. In the instant case, it readily appears that expert testimony is necessary on both the questions of "origin" and "cause." Origin, however, was not an ultimate fact in issue for the jury. It may or may not have had a hearing on cause. However, the "cause" of this fire had a direct relationship to the ultimate issues of proximate cause and negligence. Both "origin" and "cause" were outside of the common knowledge, experience and comprehension of laymen, and expert testimony should have been allowed, even if it was on the ultimate issues of proximate cause and negligence. See: *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77; *State Auto Mutual Ins. Co.* v. *Chrysler Corp.* (1973), 36 Ohio St. 2d 151; *Tre-*

*botich* v. *Broglio* (1973), 33 Ohio St. 2d 57; and *Shepherd* v. *Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6.

We, therefore, hold that it was error for the trial court not to permit Chief Schueller and investigator O'Dell to offer their opinions as to the origin of the fire. *State* v. *Cooney* (1970), 24 Ohio App. 2d 12. However, we do not find that the error was prejudicial, in view of the plaintiff's failure to offer sufficient evidence of proximate cause to overcome a motion for a directed verdict. Plaintiff did not ask or proffer any questions of Schueller or O'Dell as to probable cause. The assumed facts contained in the hypothetical questions posed to them were also in the expert questions on cause which Berndsen answered.

Additionally, Schueller was permitted to describe everything that he saw. He did not have an opinion as to "cause" and put it down as "undetermined." Later, he testified: "[I] showed Chief Vernotzy the area that I believed to be the origin, and he took it from there and made further investigation and determined the cause."

O'Dell's testimony as to his qualifications may very well not have qualified him to answer a question concerning "cause," since it necessitated knowledge and experience in the field of electricity and electrical equipment. However, both Schueller and O'Dell thoroughly described the methods and means used to ascertain the origin of a fire.

The testimony of William R. Berndsen was the only expert opinion offered by the plaintiff as to the cause of the fire. Mr. Berndsen was an electrical engineer, and an experienced investigator of fires involving electricity or electrical apparatus. In his opinion, "based upon reasonable scientific certainty," the cause of the fire was "due to a defective splice in that new work box."

In the absence of any other evidence, that opinion tended to establish proximate cause, and it ordinarily would suffice to overcome a motion for a directed verdict, and would require a submission of the question to the jury.

However, on cross-examination by the various defense attorneys, the expert divulged that he had not performed several tests which would be pertinent. He further ad-

mitted that his opinion was, in part, conjectural and that he was only giving the most probable of several causes; he acknowledged that his answer depended on some facts which were not in the record; and he mentioned at least three other possible causes, on cross-examination, which could not be ruled out.

The trial judge apparently believed that the expert's opinion had been so thoroughly discredited that there was no longer a jury question but only room for speculation by the jury. We concur with the trial judge and find that the state of the evidence was such that reasonable minds could not have concluded that the plaintiff established proximate cause as to any of the defendants. We believe that this case falls squarely within *Surman* v. *Ohio & Pennsylvania Oil & Gas Co.* (1962), 116 Ohio App. 453. The plaintiff urges the applicability of *Cooper* v. *Sisters of Charity* (1971), 27 Ohio St. 2d 242. The standard adopted in that case was one of probability.

Probability is defined therein as "more likely than not," and more than a 50% chance. Berndsen, on cross-examination, referred to the most probable of several causes. There was evidence of at least four possible causes. The "most probable" could have been as little as a 26% chance. The "most probable" of several causes does not meet the test of *Cooper* v. *Sisters of Charity, supra.*

Accordingly, the first three assignments of error will be overruled. The fourth assignment of error is likewise untenable, because further redirect examination is a matter of discretion in the trial court, which is exercised in the interest of justice. We find no abuse of discretion.

The fifth assignment of error is moot, since the admission of the exhibits in question relate to the issue of damages, which will not be considered in view of the directed verdict.

We find no error prejudicial to any substantial right of the plaintiff, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.