242

COOPER, ADMX., APPELLANT, *v.* SISTERS OF CHARITY OF CINCINNATI, INC., ET AL., APPELLEES.

(No. 70-459—Decided July 21, 1971.)

244

249

*Messrs. Lindhorst & Dreidame, Mr. Haskell Bazell* and *Mr. Leo J. Breslin,* for appellant.

*Messrs. Bloom, Greene, Thurman & Uible, Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. John A. Kiely,* for appellees.

DUNCAN, J. Reasonable minds could arrive at differing conclusions as to whether Dr. Hansen was negligent in rendering professional medical services to plaintiff's decedent, and there is sufficient evidence for the submission of that issue to the jury. There is ample evidence in the record supportive of the trial judge's findings of fact that Dr. Hansen did not take the vital signs, that they were not taken in his presence, and that he had no knowledge of what they were, if taken. Those findings, considered together with other expert testimony, provide a basis from which a

jury could properly determine that Dr. Hansen's conduct regarding Theodore Cooper did not satisfy the standard that a physician in the community should observe under like circumstances.

The more problematic issue of proximate cause looms from these facts as a reminder of past difficulties this court has experienced with this issue in malpractice cases.

It has been established, and we now reaffirm the principle that: "Even though there is evidence of malpractice sufficient for submission to the jury on that issue, a verdict must be directed in favor of the defendant where there is no evidence adduced which would give rise to a reasonable inference that the defendant's acts of malpractice was the direct and proximate cause of the injury to the plaintiff." Paragraph two of the syllabus in *Kuhn* v. *Banker* (1938), 133 Ohio St. 304.

In his opinion in *Kuhn*, Judge Williams, at page 315, stated that "the patient cannot recover damages unless the act of malpractice is the direct and proximate cause of injury. Loss of chance of recovery, standing alone, is not an injury from which damages will flow." In so stating, Judge Williams disagreed with, and relegates to *obiter dictum*, the conflicting view expressed in *Craig* v. *Chambers* (1867), 17 Ohio St. 254, 261, that "any want of the proper degree of skill or care which diminishes the chances of a patient's recovery * * * would, in a legal sense, constitute injury."

In *Hicks* v. *United States* (C. C. A. 4, 1966), 368 F. 2d 626, construing Virginia law, it is expressed, at page 632:

"When a defendant's negligent action or inaction has effectively terminated a person's chance of survival, it does not lie in the defendant's mouth to raise conjectures as to the measure of the chances that he has put beyond the possibility of realization. If there was any substantial possibility of survival and the defendant has destroyed it, he is answerable. Rarely is it possible to demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to

pass. The law does not in the existing circumstances require the plaintiff to show to a *certainty* that the patient would have lived had she been hospitalized and operated on promptly."

Although the words "substantial possibility" are employed as articulating a standard of proof, the facts in *Hicks* reveal that plaintiffs' evidence satisfied a much higher standard of proof. The court also stated, at page 632:

"The government further contends that even if negligence is established, there was no proof that the erroneous diagnosis and treatment was the proximate cause of the death, asserting that even if surgery had been performed immediately, it is mere speculation to say that it would have been successful. The government's contention, however, is unsupported by the record. Both of plaintiff's experts testified categorically that *if operated on promptly, Mrs. Greitens would have survived,* and this is nowhere contradicted by the government expert." (Emphasis added.)

A rule, which would permit a plaintiff to establish a jury question on the issue of proximate cause upon a showing of a "substantial possibility" of survival, in our judgment, suffers the same infirmity as a rule which would permit proof of a "chance of recovery" to be sufficient. While the substantial possibility concept appears to connote a weightier burden than the chance of recovery idea, both derogate well-established and valuable proximate cause considerations. Traditional proximate cause standards require that the trier of the facts, at a minimum, must be provided with evidence that a result was more likely than not to have been caused by an act, in the absence of any intervening cause.

Lesser standards of proof are understandably attractive in malpractice cases where physical well being, and life itself, are the subject of litigation. The strong intuitive sense of humanity tends to emotionally direct us toward a conclusion that in an action for wrongful death an in-

jured person should be compensated for the loss of any chance for survival, regardless of its remoteness. However, we have trepidations that such a rule would be so loose that it would produce more injustice than justice. Even though there exists authority for a rule allowing recovery based upon proof of causation by evidence not meeting the standard of probability, we are not persuaded by their logic. See *Craig* v. *Chambers, supra* (17 Ohio St. 254); *Hicks* v. *United States, supra* (368 F. 2d 626); *Neal* v. *Walker* (1968), 426 S. W. 2d 476; *Rogers* v. *Kee* (1912), 171 Mich. 551, 137 N. W. 260, quoting from *Craig* v. *Chambers, supra*; *Burk* v. *Foster* (1902), 114 Ky. 20, 69 S. W. 1096. The following authorities appear to require the establishment of proximate cause by evidence of probability: *Harvey* v. *Silber* (1942), 300 Mich. 510, 2 N. W. 2d 483; *Schuler* v. *Berger* (1967), 275 F. Supp. 120; *Walden* v. *Jones* (Ky. 1969), 439 S. W. 2d 571 (distinguishing *Neal* v. *Walker, supra*); *Connellan* v. *Coffey* (1936), 122 Conn. 136, 187 A. 901.

We consider the better rule to be that in order to comport with the standard of proof of proximate cause, plaintiff in a malpractice case must prove that defendant's negligence, *in probability,* proximately caused the death.

In this case, we are convinced that in order for the jury question to be presented, giving plaintiff's evidence, and inferences reasonably deductible therefrom its most favorable consideration and indulgence, there must be sufficient evidence that Dr. Hansen's negligence denied plaintiff's decedent the *probability* of survival. Appellant has not produced such evidence.

Dr. Cleveland, plaintiff's witness stated that "there is no possible way for a physician or anyone else to ascertain with any degree of certainty whether with medical intervention, the individual would have survived or died." Dr. DeJong stated that, if untreated, the condition from which Theodore Cooper died had practically a 100% mortality rate without surgery for patients with similar injuries as decedents. He then stated that "there certainly is a chance and I can't say exactly what—*maybe* some

place *around 50%*—that he would survive with surgery."
(Emphasis added.)

Dr. Cleveland's opinion furnishes no suggestion of a probability of survival; Dr. DeJong's opinion bears closer examination. Probability is most often defined as that which is more likely than not. See *Clark* v. *Welch* (C. C. A. 1, 1944), 140 F. 2d 271, 273; *In re Solomon's Estate* (1936), 159 Misc. 379, 384, 287 N. Y. Supp. 814, Dr. DeJong's opinion that, with surgical intervention, decedent's expectation of survival was "Maybe * * * around 50%," in our judgment does not provide a basis from which probability can reasonably be inferred. The use of the words, "maybe" and "around," does not connote that there is probability; those words, in the context used, could mean either more than 50%, or less than 50%. Probable is more than 50% of actual. *Price* v. *Neyland* (C. A. D. C. 1963), 320 F. 2d 674, 678. In view of the requirement that proximate cause, in this type of case, is a matter demanding medical expert testimony, there are no facts available in this case from which a juror could infer that survival would have been more likely, than not, if surgery had been performed. A juror could as reasonably infer from Dr. DeJong's testimony that survival would, under the circumstances, have been somewhat less than probable.

As stated in *Davis* v. *Guarnieri* (1887), 45 Ohio St. 470, 490, "It is legally and logically impossible for it to be probable that a fact exists, and at the same time probable that it does not exist."

Plaintiff's cause of action was brought under R. C. 2125.01, under which compensation may be awarded "when death is *caused* by a wrongful act, neglect or default * * *." (Emphasis added.)

In an action for wrongful death, where medical malpractice is alleged as the proximate cause of death, and plaintiff's evidence indicates that a failure to diagnose the injury prevented the patient from an opportunity to be operated on, which failure eliminated any chance of the patient's survival, the issue of proximate cause can be submitted to a jury only if there is sufficient evidence showing

that with proper diagnosis, treatment and surgery the patient probably would have survived.

We find no error in the trial court's determination that appellee Sisters of Charity were not liable for the negligence of appellees Dr. Hansen and Emergency Professional Service Group, should that be established, or in the other issues raised by appellant before this court. Appellee Dr. Hansen was an employee of appellee Emergency Professional Service Group, and was not under the control of the hospital. See *Avellone* v. *St. John's Hospital* (1956), 165 Ohio St. 467, 478; *Councell* v. *Douglas* (1955), 163 Ohio St. 292, paragraph one of the syllabus. Moreover, the practice of medicine by a licensed physician in a hospital is not sufficient to create an agency by estoppel, as alleged by appellant. Nowhere is "induced reliance" shown by the appellant, as required by *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584, to establish such a relationship.

Nowhere in the record does it affirmatively appear that appellant was prejudiced by the trial court's granting appellee's application to stay the taking of Dr. McLaurin's deposition, of which plaintiff also complains. The rule is well settled in Ohio that: "In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal." *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, paragraph one of the syllabus. See, also, R. C. 2309.59. Without any suggestion as to how appellant was prejudiced, we need not decide whether the court's action staying the taking of Dr. McLaurin's deposition was error.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, CORRIGAN, STERN and LEACH, JJ., concur.

HERBERT, J., dissents.