SAFRANIC, Admr., et al., Appellants,

v.

BELANY et al., Appellees.

[Cite as *Safranic v. Belany* (1993), 89 Ohio App.3d 65.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4697.

Decided July 1, 1993.

*Michael D. Joseph,* for appellants.

*Michael J. Hudak* and *Daniel S. Cody,* for appellee John S. Belany.

*John J. Kuzman, Jr.,* for appellee Warren General Hospital.

---

FORD, Presiding Judge.

This accelerated calendar case comes from the Trumbull County Court of Common Pleas.

Appellants, Susan Safranic, Administrator of the Estate of Evelyn O'Connor, et al., appeal the trial court's order granting a directed verdict in favor of appellees, John S. Belany, D.O., and Warren General Hospital.

On February 9, 1988, Evelyn O'Connor was admitted to Warren General Hospital because she was experiencing breathing difficulties. The following day, O'Connor came under the care of Dr. Belany. Appellants' expert, Dr. Roy Brower, testified that both Dr. Belany and the nursing staff of Warren General Hospital did not exercise the standard of care required of them during O'Connor's stay at Warren General. O'Connor was transferred to Trumbull Memorial Hospital on March 8, 1988. She died about three weeks later.

After appellants presented their evidence, Dr. Belany and Warren General Hospital moved for a directed verdict. Their sole ground was that appellants failed to establish that appellees' actions proximately caused O'Connor's death. Their motion was granted.

Appellants assign the following as error:

"The trial court erred to the prejudice of plaintiffs-appellants in granting defendants-appellees' motions for a directed verdict made at the close of plaintiffs' case."

"Civ.R. 50(A)(4) provides that a court should direct a verdict when, 'after construing the evidence most strongly in favor of the party against whom the motion is directed, [it] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *.' Conversely, if reasonable minds could come to more than one conclusion on the evidence presented, the court should permit the issue to go to the jury. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896." *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 45, 564 N.E.2d 462, 468.

■ In a wrongful death case in which medical malpractice is a predicate, the complaining party must establish that the doctor, nurses, and/or staff did not satisfy the standard of care required, and that such deviation proximately caused death. See, *e.g., Cooper v. Sisters of Charity of Cincinnati, Inc.* (1971), 27 Ohio St.2d 242, 250, 56 O.O.2d 146, 150, 272 N.E.2d 97, 102–103. In this case, as previously stated, the trial court granted a directed verdict because appellants failed to establish that appellees' alleged divergence from the required standard of care *caused* O'Connor's death.

■ The *Cooper* court concluded that, " * * * in order to comport with the standard of proof of proximate cause, plaintiff in a malpractice case must prove that defendant's negligence, *in probability,* proximately caused the death." (Emphasis *sic.*) *Id.* at 252, 56 O.O.2d at 151, 272 N.E.2d at 103; *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 369, 28 OBR 429, 430–431, 504 N.E.2d 44, 46–47. "Probable is more than [fifty percent] of actual." *Cooper,* 27 Ohio St.2d at 253, 56 O.O.2d at 152, 272 N.E.2d at 104, citing *Price v. Neyland* (C.A.D.C.1963), 320 F.2d 674, 678. Loss of chance of recovery cannot fulfill the standard of proof required. *Cooper,* 27 Ohio St.2d at 250, 56 O.O.2d at 150, 272 N.E.2d at 102–103; see, also, *Kuhn v. Banker* (1938), 133 Ohio St. 304, 10 O.O. 373, 13 N.E.2d 242; *Shumaker,* 28 Ohio St.3d at 369, 28 OBR at 430–431, 504 N.E.2d at 46–47; *Shapiro v. Burkons* (1978), 62 Ohio App.2d 73, 16 O.O.3d 175, 404 N.E.2d 778; *Williams v. Grant* (1979), 65 Ohio App.2d 225, 19 O.O.3d 168, 417 N.E.2d 586; *Sherman v. Millhon* (June 16, 1992), Franklin App. No. 92AP–89, unreported, 1992 WL 142368. There must be evidence from which a jury could conclude that survival would have been more likely than not, but for the negligence. *Cooper,* 27 Ohio St.2d at 253, 56 O.O.2d at 152, 272 N.E.2d at 104.

■ In our case, appellants' expert, Dr. Brower, stated that, to a reasonable degree of medical certainty, Dr. Belany's and the nursing staff's conduct caused the death of O'Connor. However, during cross-examination, appellees attempted to undermine his testimony.

Dr. Brower said that prior to any of the alleged negligence, based on the APACHE [1] system, O'Connor had a seventy-percent chance of survival. He opined that due to Dr. Belany's failure to detect her myocardial infarction, her chances of survival were reduced to fifty to sixty percent by February 15, 1988, and further reduced to forty to fifty percent by February 25, 1988. The second event of alleged negligence was the failure to properly monitor O'Connor after removing a ventilator. Due to this, O'Connor went into respiratory arrest precipitating the need for cardiopulmonary resuscitations ("CPR"). Administering CPR resulted in a flailed chest, which further reduced her chance of survival to thirty to forty percent. With each passing day, the likelihood of survival decreased slightly.

Appellees argue that since appellants' expert's testimony establishes that the combined negligence of appellees did not reduce O'Connor's chance of survival by more than fifty percent, appellants failed to establish proximate cause per *Cooper.* However, in *Beckworth v. Niemes* (Apr. 13, 1992), Clermont App. Nos. CA91–03–018 and CA91–03–020, unreported, 1992 WL 75191, the court examined a similar argument and rejected it.

In *Beckworth,* a wrongful death claim based upon medical malpractice, the appellees' evidence of negligence consisted in part of a submission by appellees' expert that appellants-doctors reduced the deceased's chance of survival from ninety-five percent to seventy percent. *Id.* at 4. Despite the fact that the decedent's chance of survival was only reduced by twenty percent, and never fell below fifty percent, the court concluded that the totality of the evidence did not fail on the proximate cause issue. *Id.* at 11–12.

In reaching its conclusion, the court interpreted *Cooper.* In *Cooper,* the facts were such that even if the doctor had properly diagnosed the decedent's injury and treated such injury, there was no evidence that he would have survived. *Id.,* 27 Ohio St.2d at 248, 56 O.O.2d at 149, 272 N.E.2d at 101–102. Specifically, the decedent had suffered a head injury. *Id.* at 242, 56 O.O.2d at 147, 272 N.E.2d at 99. Without surgery, there was practically a one hundred-percent mortality rate. *Id.* at 247, 56 O.O.2d at 148–149, 272 N.E.2d at 101. Furthermore, even with surgery, the decedent's chance of survival was only about fifty percent. *Id.* These facts led the *Cooper* court to conclude that proximate cause could not be established. *Id.* at 254, 56 O.O.2d at 152–153, 272 N.E.2d at 104–105. *Beckworth* limited *Cooper* to its facts, and correctly states that although *Cooper* requires a plaintiff in a wrongful death claim predicated upon medical malpractice to prove that the negligence, in probability (more than fifty percent of actual), caused the

---

1. The APACHE system weighs a number of variables such as age, blood pressure, heart rate, condition, etc. in reaching its determination.

decedent's death, it does not pronounce that the actual injury or death be probable, *i.e.*, result in a greater than fifty-percent loss of chance for survival. *Beckworth* at 12. We find such interpretation compelling.

Thus, we conclude that in a wrongful death claim based upon medical malpractice, the plaintiff must produce evidence that the negligence, in probability, caused the decedent's death. However, a plaintiff is not required to prove that the negligence resulted in a greater than fifty-percent loss of chance for survival. Because appellants' expert testified that, to a reasonable degree of medical certainty, appellees' actions caused O'Connor's death, they fulfilled their burden upon the causation issue. Accordingly, the trial court erred in granting the motion for directed verdict.

Based upon the foregoing, the trial court's decision is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.