SCHLACHET, Appellant,

v.

CLEVELAND CLINIC FOUNDATION, Appellee.

[Cite as *Schlachet v. Cleveland Clinic Found.* (1995), 104 Ohio App.3d 160.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67569.

Decided May 30, 1995.

*Spangenberg, Shibley, Traci, Lancione & Liber, Dennis R. Lansdowne* and *John A. Lancione,* for appellant.

*Reminger & Reminger, James L. Malone* and *Clifford C. Masch,* for appellee.

NAHRA, Judge.

In this medical malpractice action, plaintiff-appellant Alice Schlachet appeals from the trial court order which granted the motion for summary judgment filed by defendant-appellee Cleveland Clinic Foundation, thus terminating the action.

Suit was originally filed against appellee on April 14, 1992 by appellant and her husband, Sanford Schlachet. Mr. Schlachet subsequently died; thereafter, the trial court issued an order substituting appellant as administrator of Mr. Schlachet's estate as a party-plaintiff in the action. Appellant later amended the complaint.[1]

As originally filed, the complaint stated four claims for relief. The first claim alleged that appellee's employees were negligent in their treatment of Sanford Schlachet and that as a "direct and proximate result" of the negligence, Mr. Schlachet "suffered a loss of a chance of survival from * * * lung cancer."

The second claim for relief alleged that as a "direct and proximate result" of the negligence, Mr. Schlachet "suffered and will suffer extreme mental anguish and emotional upset." [2]

The third claim for relief alleged that as a "direct and proximate result" of the negligence, Mr. Schlachet "suffered a loss of the remaining years of his normal life expectancy." [3]

---

1.  The amended complaint was filed on June 7, 1994, nearly four months after appellee filed its motion for summary judgment in this case and approximately two weeks after appellant filed a brief in opposition to appellee's motion. The trial court's order granting appellee's motion for summary judgment was dated June 7, 1994; however, it was not filed until June 15, 1994.

2.  In the amended complaint, appellant alleged that this mental anguish and emotional upset was "due to [Mr. Schlachet's] knowledge that he had been negligently treated and his belief that but for the negligent treatment, he would have been cured and survived."

3.  This claim for relief was deleted from the amended complaint.

The fourth claim for relief alleged that as a "direct and proximate result" of the negligence, Mrs. Schlachet had suffered a loss of her husband's consortium and "extreme mental anguish and upset."

Appellee's answer admitted medical treatment of Mr. Schlachet during the relevant time period but denied the other pertinent allegations of the complaint. Appellee also raised as affirmative defenses failure to state a claim upon which relief could be granted and "contributing fault."

Following some discovery, appellee filed a motion for summary judgment. The following stipulations of fact were submitted to the trial court by the parties for purposes of appellee's motion:

"1. On August 28, 1990, Sanford Schlachet, deceased, while under the care and treatment of the physicians and staff at the Cleveland Clinic Foundation, had an x-ray taken of his chest.

"2. The x-ray taken on August 28, 1990, demonstrated a cancerous mass in the apical posterior segment of the right upper lobe of the right lung.

"3. The physicians and staff of the Cleveland Clinic Foundation negligently failed to diagnose the cancerous mass that was evident on the August 28, 1990, x-ray.

"4. On April 15, 1991, Sanford Schlachet, deceased, was under the care and treatment of the physicians and staff of the Cleveland Clinic Foundation.

"5. The chest x-ray was taken on April 15, 1991, which demonstrated a 3 cm. soft tissue mass in the apical posterior segment of the upper lobe of the right lung.

"6. A comparison of the chest x-ray taken on August 28, 1990, to the chest x-ray taken on April 15, 1991, demonstrates an increase in the size of the mass that the physicians and staff of the Cleveland Clinic Foundation negligently failed to diagnose on August 28, 1990.

"7. Pathology analysis of the adjacent nodes conducted on April 22, 1991, reported to show a Stage 3 adenocarcinoma on the right lung.

"8. The failure of the Cleveland Clinic to diagnose the cancerous mass in Sanford Schlachet's right lung on August 28, 1990, directly and proximately resulted in the loss of a twenty (20) to thirty (30) percent chance of survival."

In its motion for summary judgment, it was appellee's position that "as negligence has been stipulated * * *, the critical issue at bar is that of proximate cause." Appellee argued that the Ohio Supreme Court in *Cooper v. Sisters of Charity, Inc.* (1971), 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, had disposed of the issue and, further, had explicitly refused to recognize a cause of action for "loss of [a] chance for survival." Appellee concluded that since

appellant had not presented "any evidence whatsoever that, absent the conduct of the Cleveland Clinic, the * * * decedent had a probability of survival," appellant had failed to establish an essential element of a cause of action in medical malpractice, and that therefore, appellee was entitled to judgment as a matter of law.

Appellant filed a brief in opposition to appellee's motion. Therein, appellant admitted that, pursuant to *Cooper v. Sisters of Charity, supra,* appellant's first claim for relief "does not state a claim upon which relief can be granted." Appellant frankly stated that in pursuing the action, she was ultimately seeking the Supreme Court's jurisdiction in order to "revisit the antiquated and draconian *Cooper* case for the purpose of overruling *Cooper* and recognizing the claim for a loss of a chance to survive." Appellant indicated, however, that the trial court should not consider her admission to be applicable to her other claims for relief.

The trial court ultimately granted appellee's motion for summary judgment with respect to all of appellant's claims.[4] In its order, the trial court stated that *Cooper* was dispositive of appellant's "loss of a chance for recovery" claim for relief, applied to her second claim for emotional distress, and was also dispositive of her loss of consortium claim.

It is from this order that appellant appeals, presenting two assignments of error for this court's review.

## I

Appellant's first assignment of error states:

"The trial court erred in granting the defendant-appellee's motion for summary judgment as to the first claim for relief set forth in plaintiff-appellant's amended complaint as the plaintiff-appellant set forth a valid medical negligence claim in which it was alleged that the defendant-appellee's admitted negligence directly and proximately caused plaintiff-appellant's decedent to suffer the loss of a less-than-even chance of survival."

In this assignment of error, appellant argues summary judgment for appellee was improper because she presented evidence to the trial court sufficient to establish each element of a medical malpractice claim.

■ Civ.R. 56(C) makes summary judgment proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437,

---

4. The trial court made it clear its decision applied to appellant's amended complaint.

597 N.E.2d 1110. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

■ The elements of a cause of action for medical malpractice were set forth in *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673, paragraph one of the syllabus, as follows:

"In order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things."

Appellant contends that she presented evidence to demonstrate each of the necessary elements, *i.e.*, appellee's duty, its breach of that duty, and the resulting "injury," *viz.*, the destruction of a twenty- to thirty-percent chance of survival for her decedent.

Appellant urges this court to consider *Craig v. Chambers* (1867), 17 Ohio St. 253, to determine that such an injury is legally recognized in this state. However, since according to *Cooper*, 27 Ohio St.2d at 250, 56 O.O.2d at 150, 272 N.E.2d at 102, the language upon which appellant relies in *Craig* was later "relegate[d] to *obiter dictum*" in *Kuhn v. Banker* (1938), 133 Ohio St. 304, 10 O.O. 373, 13 N.E.2d 242, appellant's arguments remain unpersuasive.

■ The law applicable to the facts of this case was set forth in *Cooper* at the syllabus, in which the court stated the following:

"*In an action* for wrongful death, *where medical malpractice is alleged* as the proximate cause of death, *and plaintiff's evidence indicates that a failure to diagnose* the injury *prevented the patient from an opportunity to be operated on, which failure eliminated any chance of the patient's survival, the issue* of proximate cause *can be submitted to a jury only if* there is sufficient evidence showing that with proper diagnosis, treatment and surgery, *the patient probably would have survived.*" (Emphasis added.)

■ It is undisputed that appellant's evidence failed to establish that, absent the negligence of appellee, her decedent "probably" would have survived. Thus, pursuant to the law in this state as set forth in *Cooper*, she failed to present sufficient evidence to sustain an element of her claim. *Williams v. Grant* (1979),

65 Ohio App.2d 225, 19 O.O.3d 168, 417 N.E.2d 586; *Moore v. Univ. of Cincinnati Hosp.* (1994), 93 Ohio App.3d 616, 639 N.E.2d 798. Cf. *Wells v. Miami Valley Hosp.* (1993), 90 Ohio App.3d 840, 631 N.E.2d 642; *Safranic v. Belany* (1993), 89 Ohio App.3d 65, 623 N.E.2d 611; *Lambert v. Shearer* (1992), 84 Ohio App.3d 266, 616 N.E.2d 965.[5]

Appellant attempts to overcome the application of *Cooper* to the facts of this case by contending that its holding is limited to the issue of *proximate cause* in a medical malpractice case rather than to the issue of demonstrating an *injury*. In view of the express language of *Cooper*, however, this contention is disingenuous.

The court in *Cooper* clearly stated:

"In his opinion in *Kuhn*, Judge Williams, [133 Ohio St.] at page 315, [13 N.E.2d at page 247] stated that ' * * * Loss of chance of recovery, standing alone, is not an injury from which damages will flow.' *In so stating, Judge Williams disagreed with,* and relegates to *obiter dictum, the conflicting view* expressed in *Craig v. Chambers* (1867), 17 Ohio St. 253, 254, 261, *that 'any want of the proper degree of skill or care which diminishes the chances of a patient's recovery * * * would, in a legal sense, constitute injury.'* " (Emphasis added.) *Cooper*, 27 Ohio St.2d at 250, 56 O.O.2d at 150, 272 N.E.2d at 102.

Moreover, in the context of discussing a federal case wherein a defendant argued that plaintiff's evidence of an injury resulting from the negligence was "mere speculation," the *Cooper* court noted that the plaintiff's evidence in that case proved she *"would have survived."* (Emphasis added.) *Id.* at 251, 56 O.O.2d at 151, 272 N.E.2d at 103. See, also, *Wells v. Miami Valley Hosp., supra.* The *Cooper* court then continued:

"A rule, which would permit a plaintiff to establish a jury question on the issue of proximate cause upon a showing of a 'substantial possibility' of survival, in our judgment, *suffers the same infirmity as a rule which would permit proof of a 'chance of recovery' to be sufficient.* While the substantial possibility concept appears to connote a weightier burden than the chance of recovery idea, both derogate well-established and valuable proximate cause considerations. Traditional proximate cause standards require that *the trier of the facts, at a minimum, must be provided with evidence that a result was more likely than not to have been caused by an act,* in the absence of any intervening cause.

"Lesser standards of proof are understandably attractive in malpractice cases where physical well being, and life itself, are the subject of litigation. *The strong intuitive sense of humanity tends to emotionally direct us toward a conclusion*

---

**5.** This court notes that in nearly all of these cases, the Ohio Supreme Court has denied motions to certify the record.

*that in an action for wrongful death an injured person should be compensated for the loss of any chance for survival, regardless of its remoteness. However, we have trepidations* that such a rule would be so loose that it would produce more injustice than justice. *Even though there exists authority for a rule allowing recovery based upon proof of causation by evidence not meeting the standard of probability, we are not persuaded by their logic.* See *Craig v. Chambers, supra.* * * *

"We consider the better rule to be that in order to comport with the standard of proof of proximate cause, plaintiff in a malpractice case must prove that defendant's negligence, *in probability*, proximately caused the death.

"In this case, we are convinced that *in order for the jury question to be presented, giving plaintiff's evidence, and inferences reasonably deductible therefrom its most favorable consideration* and indulgence, *there must be sufficient evidence* that Dr. Hansen's *negligence denied plaintiff's decedent the probability of survival.* Appellant has not produced such evidence.

" * * *

"Probability is most often defined as that which is more likely than not. * * *

" * * * Probable is more than 50% of actual. *Price v. Neyland* (C.A.D.C.1963), 320 F.2d 674, 678." (Emphasis *sic.*) *Cooper,* 27 Ohio St.2d at 251–253, 56 O.O.2d at 151–152, 272 N.E.2d at 103–104.

■ The foregoing language demonstrates that in this state the law applicable to medical malpractice actions deals in only probabilities, not mere possibilities. As this court has previously recognized:

"It is well established that Ohio law *does not permit recovery for the loss of a chance of survival* and requires demonstrating the patient probably would have survived with proper diagnosis and treatment." (Emphasis added.) *Sweeney v. Deaconess Hosp. of Cleveland* (Dec. 30, 1993), Cuyahoga App. Nos. 64349 and 64357, unreported, 1993 WL 541589. See, also, *Williams v. Grant, supra.*

Thus, in Ohio, the loss of a mere twenty- to thirty-percent *chance* of survival is not a legally cognizable *injury.* Furthermore, support for this conclusion can be found in the recent case of *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532, in which the Ohio Supreme Court discussed the necessity of expert witness testimony which was framed in terms of *probability.*

■ Appellant strongly argues in her brief to this court that the refusal to recognize the "loss of a chance" as a compensable injury is unfair, especially in view of the many jurisdictions which have come to the opposite conclusion. However, appellant's argument was addressed and answered by another Ohio appellate court, which stated:

"Plaintiff presents cogent reasons for a change of the public policy, arguably making it appropriate for reexamination of the public-policy question determined in *Cooper*. However, *this court*, as an 'error-correction' intermediate appellate court, *has no power or right to establish public policy, especially public policy contrary to that promulgated by the Supreme Court.* Moreover, appellee presents cogent reasons for adhering to the *Cooper* decision. This court has no choice but to do so since *we must follow the clear and unequivocal pronouncement in Cooper.* * * *

" * * *

"*A court of appeals is bound by and must follow decisions of the Ohio Supreme Court,* which are regarded as law unless and until reversed or overruled. *Battig v. Forshey* (1982), 7 Ohio App.3d 72 [7 OBR 85, 454 N.E.2d 168]; *Thacker v. Bd. of Trustees of Ohio State Univ.* (1971), 31 Ohio App.2d 17 [60 O.O.2d 65, 285 N.E.2d 380]. This court has no power to overrule a decision of the Ohio Supreme Court, and, accordingly, we are bound by *Cooper*." (Emphasis added.) *Sherman v. Millhon* (June 16, 1992), Franklin App. No. 92AP–89, unreported, 1992 WL 142368.

Since appellant in this case failed to present sufficient evidence that appellee's negligence proximately caused any legally recognized injury to appellant's decedent, the trial court properly granted summary judgment for appellee on appellant's first claim for relief. *Sweeney v. Deaconess Hosp. of Cleveland, supra; Wing v. Anchor Media Ltd. of Texas, supra; Cooper, supra.*

Accordingly, appellant's first assignment of error is overruled.

## II

Appellant's second assignment of error states:

"The trial court erred in granting the defendant-appellee's motion for summary judgment as to the second claim for relief set forth in plaintiff-appellant's amended complaint as the plaintiff-appellant set forth a valid medical negligence claim in which it was alleged that the defendant-appellee's admitted negligence directly and proximately caused plaintiff-appellant's decedent to suffer serious emotional distress."

Appellant argues that she presented sufficient evidence to create a genuine issue of material fact with regard to her cause of action for negligent infliction of serious emotional distress. To support her argument, appellant relies upon certain Ohio appellate court decisions which have recognized this cause of action in relation to asbestos exposure which occurred *as a result of* the defendant's actions. See, *e.g., Verbryke v. Owens–Corning Fiberglas Corp.* (1992), 84 Ohio

App.3d 388, 616 N.E.2d 1162; *Watson v. Norfolk & W. Ry. Co.* (1987), 30 Ohio App.3d 201, 30 OBR 344, 507 N.E.2d 468.

This court finds the situation presented in this case to be distinguishable since the cancerous condition which ultimately *caused* appellant's decedent's death was *unrelated* to any negligence of appellee. Appellant's claim that some of her decedent's emotional distress in the knowledge of his impending demise was the result of appellee's negligence is thus within the realm of speculation. Cf. *Moore v. Univ. of Cincinnati Hosp., supra.*

In this situation, this court has previously observed the following:

"Plaintiffs' failure to demonstrate actionable medical malpractice precluded recovery on their remaining claims for mental anguish and loss of consortium. Plaintiffs have cited no authority recognizing an independent cause of action for 'mental anguish' under Ohio law. Moreover, the Ohio Supreme Court has recognized that a claim for lack of consortium requires demonstrating the existence of a legally cognizable tort against the spouse. *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384 [392]. As a result, plaintiffs' failure to demonstrate actionable malpractice precludes recovery under this theory." *Sweeney v. Deaconess Hosp. of Cleveland, supra.*

For the foregoing reasons, the trial court did not err in granting summary judgment for appellee on appellant's remaining claims. Accordingly, appellant's second assignment of error is also overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SPELLACY, P.J., and NUGENT, J., concur.