JOURNAL ENTRY AND OPINION
Appellants, Jennifer Brush and Daniel Brush, appeal the trial court's grant of a directed verdict in favor of appellee University Mednet ("Mednet"). For the following reasons, we affirm.
Jennifer Brush had a breast reduction surgery performed by Dr. Seth Eisengart. An employee of Mednet, Helen Desmarais, a physician's assistant, performed some of the suturing. Jennifer had serious complications as a result of the surgery. She sued Mednet, Desmarais, Dr. Eisengart and Lake Hospital System.
Before trial, appellants dismissed Lake Hospital System and Desmarais without prejudice. At the end of the plaintiff's case, the court granted a directed verdict in favor of Mednet. The jury found in favor of Dr. Eisengart. Appellants raise no assignments of error pertaining to Dr. Eisengart.
The medical testimony established that for a breast reduction operation, there are sutures around the areolas, vertical sutures from the nipples down, and sutures across the bottom of the breasts. When asked if Desmarais stitched up the skin, Dr. Eisengart replied, "part of it . . . on one breast."
Appellant-Daniel Brush, Jennifer's husband, testified that on July 19th, one week after the surgery, the stitches started popping out on the bottom part of the breast. The popping started where the vertical and horizontal lines met, and continued all the way down the line.
Jennifer Brush testified that on the 19th, it appeared that one of the stitches around the left nipple looked like it was going to pop. When she took the bandages off later that night, the stitches had come out on the left breast. She further stated that by the time of her second surgery on August 8, almost every stitch had popped.
Appellants' expert, Dr. Charles Johnson, testified that because of the wounds opening up, he suspected a suturing technique below the standard of care. The wounds had opened up on both the right and left side of the breast. The improper suturing technique caused scars underneath the breasts and vertically from the nipple down on both breasts. Additionally, the bipedicle was insufficient for blood to flow to the nipples. The nipples and areolas necrotized and had to be removed.
Dr. Eisengart testified that when he saw Jennifer on July 21, some of the wounds had split open. In his record from the 7-21 office visit, Eisengart noted that the sutures in the vertical incision on the left breast had pulled out.
Jennifer saw Dr. Daniel Cudnik for a second opinion. Dr. Cudnik's report notes wound dehiscence bilaterally and spreading of scars in the inframammary folds bilaterally.
A directed verdict was granted in favor of Mednet, because the trial judge found that appellant presented no evidence that Desmarais, the Mednet employee, was negligent.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS IN DISMISSING THE DEFENDANT MEDNET AT THE CLOSE OF PLAINTIFF'S CASE.
A directed verdict should be granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, the court finds that upon any determinative issue reasonable minds could come to but one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); White v.Ohio Dept. of Transp. (1990), 56 Ohio St.3d 39, 45. If reasonable minds can come to more than one conclusion the issue should go to the jury. White, supra; Conover v. Lake Cty. Metro Parks Sys.,
(1996), 114 Ohio App.3d 570, 573. Neither we nor a trial court may weigh the evidence or assess the credibility of the witnesses when considering a motion for a directed verdict. Strother v.Hutchinson (1981), 67 Ohio St.2d 282. If the party opposing the motion did not present sufficient evidence to prove an essential element of their claim, the motion for directed verdict is appropriate. O'Day v. Webb (1972), 29 Ohio St.2d 215, 220.
The elements of medical malpractice are: (1) the applicable standard of care, usually established through expert testimony; (2) a negligent failure on the part of the defendant to render treatment in conformity with the standard of care; and (3) the resulting injury was proximately caused by defendant's negligence. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132,Ulmer v. Ackerman (1993), 87 Ohio App.3d 137, 140; Avondet v.Blankstein, (1997), 118 Ohio App.3d 357. The plaintiff must prove these elements by a preponderance of the evidence. Bruni,Avondet, supra. The plaintiff must prove that defendant's negligence, in probability, proximately caused the injury. Cooperv. Sisters of Charity of Cincinnati, Inc. (1971), 27 Ohio St.2d 242,252; Bailey v. Emilio C. Chu, M.D., Inc. (1992), 80 Ohio App.3d 627,633; Avondet, supra. Probability means "that which is more likely than not." Id.
The plaintiff's expert testified that an improper suturing technique caused the sutures to pop out and scars to form vertically and underneath both breasts. Jennifer Brush testified that by the time of the second surgery, almost all of the stitches had popped out. The testimony was unclear as to whether Desmarais stitched all of one breast, or part of one breast. The evidence did not show that Desmarais's sutures were the sutures that popped out. Desmarais could have stitched only the part around the nipple, and there was no testimony that these stitches caused any scarring.
The testimony was not sufficient to find that it was more likely than not that Desmarais used an improper suturing technique. Nor was the testimony sufficient to find that Desmarais's improper technique was the proximate cause of the injury. Additionally, plaintiff's expert failed to explain what a physician's assistant of ordinary care, skill and diligence would have done in similar circumstances. See Bruni, supra, Wiburn v.Cleveland Psychiatric Institute (1998), 126 Ohio App.3d 153. Appellants did not present sufficient evidence on the elements of malpractice, so Mednet was entitled to a directed verdict.
Accordingly, appellants' assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY. J., AND
 MICHAEL J. CORRIGAN, J., CONCUR.
____________________ ANN DYKE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See also, S.Ct.Prac.R. II, Section 2(A)(1).