OPINION
{¶ 1} On January 6, 2001, appellant, Francis Callentine, II, was involved in an automobile accident wherein the vehicle in which he was riding was rear-ended by a vehicle operated by appellee, Ashley Arnold. Appellant claimed back injuries and sought medical care from Jose Martinez, Jr., M.D., Michael Brown, D.C. and Mark Cecil, M.D.
 {¶ 2} On October 14, 2003, appellant filed a complaint against appellee for negligence, proximate cause and damages. A jury trial commenced on October 19, 2004. The jury found in favor of appellee, finding no proximate cause between the accident and appellant's back injury.
 {¶ 3} On November 1, 2004, appellant filed a motion for new trial pursuant to Civ.R. 59. A hearing was held on November 15, 2004. By judgment entry filed November 17, 2004, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in overruling the appellant's rule 59 motion for a new trial where the jury's verdict was manifestly against the weight of the evidence."
 I {¶ 6} Appellant claims the trial court erred in not granting his motion for new trial pursuant to Civ.R. 59 as the jury's decision was against the manifest weight of the evidence. We disagree.
 {¶ 7} A trial court's decision to grant a new trial pursuant to Civ.R. 59 lies within the trial court's sound discretion. Rohde v.Farmer (1970), 23 Ohio St.2d 82. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 8} Appellant argues the trial court erred in determining his treating physician, Jose Martinez, Jr., M.D., was merely a fact witness and not an expert witness as he did not render a medical opinion. Appellant argues Dr. Martinez agreed appellant sustained injuries as a result of the January 6, 2001 accident:
 {¶ 9} "Q. Now, Doctor, Mr. Callentine, was he injured in this January 6, 2001 accident?
 {¶ 10} "A. Yes, sir.
 {¶ 11} "* * *
 {¶ 12} "Q. All right. And what did you treat him for?
 {¶ 13} "A. Neck injuries, sir." Martinez depo. at 16-17.
 {¶ 14} Marked as part of the Martinez deposition record were two medical bills, Exhibits B and C, a Tri County Radiology Assoc. bill for a CT scan ordered by Dr. Martinez in the amount of $170.00 and Dr. Martinez's statement in the amount of $305.00. At the very minimum, appellant argues he should have been awarded these bills. During the trial, appellant moved for the admission of these exhibits and they were received by the trial court. T. at 301-302. Accepting the fact the jury agreed with appellee's position that the treatment and surgery appellant received from Drs. Brown and Cecil were unrelated to the accident, appellant argues he should have been awarded $475.00 in damages.
 {¶ 15} We would agree with this argument except for the fact that Dr. Martinez never testified with any reasonable degree of medical certainty or probability that the accident and appellant's back pain were connected. In Stinson v. England, 69 Ohio St.3d 451, 1994-Ohio-35, paragraph one of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 16} "The admissibility of expert testimony that an event is the proximate cause is contingent upon the expression of an opinion by the expert with respect to the causative event in terms of probability. (Shepherd v. Midland Mut. Life Ins. Co. [1949], 152 Ohio St. 6, 39 O.O. 352, 87 N.E.2d 156, paragraph two of the syllabus, followed.) An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue. (Cooper v. Sisters of Charityof Cincinnati, Inc. [1971], 27 Ohio St.2d 242, 253, 56 O.O.2d 146, 152,272 N.E.2d 97, 104, followed.) Inasmuch as the expression of probability is a condition precedent to the admissibility of expert opinion regarding causation, it relates to the competence of the evidence and not its weight. (State v. Benner [1988], 40 Ohio St.3d 301, 313, 533 N.E.2d 701,714, followed.) Consequently, expert opinion regarding a causative event, including alternative causes, must be expressed in terms of probability irrespective of whether the proponent of the evidence bears the burden of persuasion with respect to the issue."
 {¶ 17} Although we are loath to assume that certain "magic words" are necessary, the record must contain more than an illusion of medical certainty as to these exhibits. Although appellant testified concerning these exhibits, neither of appellant's experts did. T. at 278-279. At the very minimum, Dr. Martinez's office notes indicate "there might have been injuries caused by the accident," appellant "has an acute cervical strain which is status post surgery for disc disease" and "I specifically advised Mr. Callentine that we could not connect the lower back pains to the accident of 1/06/01 because at the time of examination on 1/19/01 and 1/23/01 this specific problem was not present." Martinez Deposition Exhibits 6A, 6B and 6C.
 {¶ 18} Upon review, we concur with the trial court that Dr. Martinez did not give a medical opinion with any degree of medical certainty and in fact, the records all point to an assessment that the back injuries were not a result of the accident. Accordingly, we find the jury could very well have reached the conclusion that the two bills were not related to the accident.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J., Boggin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.