OPINION
Appellants Loreto R. Dacio, M.D. and Loreto R. Dacio, M.D., Inc. ("appellant") appeal the decision of the Tuscarawas County Court of Common Pleas that found appellant negligent in the death of Lida K. Steiner. The following facts give rise to this appeal.
The decedent first visited appellant's office on May 24, 1993, with complaints of blood in her stool and rectal pain. Appellant performed a digital examination on the decedent and ordered a blood occult test. Three days later, at the direction of appellant, the decedent underwent a barium enema. The results were negative for colon-rectal carcinoma. At that time, appellant did not order either a sigmoidoscopy or a colonoscopy. However, the decedent's condition did not improve and she again visited appellant's office on June 6, 1993. At this visit, appellant prescribed a topical cream for application to the rectum and rectal area.
The decedent again visited appellant's office on August 13, 1993, with continued complaints of rectal pain during bowel movements and blood in her stool. Appellant performed a digital examination and ordered another blood occult test. Appellant informed the decedent that the blood in her stool was from hemorrhoids. Appellant's course of treatment of topical cream continued through May 1994. On June 10, 1994, the decedent visited appellant's office with the same complaints and demanded that further examination be conducted concerning her symptoms. At this point, appellant performed a sigmoidoscopy and discovered that the decedent had rectal cancer.
On June 14, 1994, Dr. Miguel Bravo performed a colonoscopy. Six days later, Dr. Bravo performed surgery on the decedent and rated the tumor as a Dukes C with the cancer having spread to the lymph nodes. The decedent underwent radiation and chemotherapy from July 1994 through May 1995. In June 1995, the decedent underwent a colonoscopy and MRI and both were negative for cancer.
On December 12, 1995, Dr. Lavery, of the Cleveland Clinic, performed a deep colonoscopy and discovered millia carcinoma throughout the decedent's abdomen. The decedent underwent experimental chemotherapy as this type of cancer is incurable and inoperable. On November 21, 1997, the decedent had her gallbladder and colon removed. In March 1998, the decedent was admitted to the hospital because of a partial bowel obstruction. During surgery, it was discovered that the decedent had malignant tumors throughout her abdomen and bowel. On May 2, 1998, the decedent died as a result of her illness.
The decedent refused to file suit against appellant during her lifetime. In December 1999, appellant retired from the practice of medicine. At the time of his retirement, appellant's insurance company was in receivership. On December 22, 1999, Appellee Wilbur Steiner filed suit against appellant. This matter proceeded to a bench trial on November 2, 2000. The trial court filed findings of fact and conclusions of law on December 4, 2000, finding appellant negligent. The trial court awarded appellee damages in the amount of $1,350,000 with ten percent interest from the date of the judgment and court costs.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE NEGLIGENCE OF DACIO IN FAILING TO DIAGNOSE THE CANCER IN THE RECTUM ON OR ABOUT MAY 24, 1993, WAS NOT THE DIRECT AND PROXIMATE CAUSE OF THE DEATH OF DECEDENT ON MAY 2, 1998.
 II. THE TRIAL COURT FAILED TO ASSESS THE DAMAGES TO DACIO FROM THE DATE OF THE NEGLIGENT ACT OR OMISSION MULTIPLIED BY THE PERCENTAGE OF THE LOST CHANCE.
 I
Appellant maintains, in his First Assignment of Error, that his negligence in failing to diagnose the decedent's cancer on May 24, 1993, was not the direct and proximate cause of the decedent's death on May 2, 1998. We disagree.
Appellant essentially presents two arguments under this assignment of error. First, appellant contends the trial court erred in that it failed to determine the issue of proximate cause. The record contradicts this argument. The trial court found, in its conclusions of law, that appellant's failure to diagnose the decedent's rectal cancer in May 1993 was the direct and proximate cause of her death. Specifically, the trial court held:
 3. Had the tumor been removed, surgically, in 5/93 or shortly thereafter, the tumor would not have been through the wall nor would the tumor have involved the Lymph Nodes.
* * *
 14. The Negligence of Defendants, as stated above, was the direct and proximate cause of the death of Lida K. Steiner on 5/2/98. (Emphasis sic.) Findings of Fact and Conclusions of Law, Dec. 4, 2000, at 5, 6.
Thus, the trial court concluded that appellant's failure to diagnose the decedent's rectal cancer, in May 1993, was the direct and proximate cause of her death.
Appellant next argues, under this assignment of error, that the operation performed on June 20, 1994, by Dr. Bravo, resulted in a complete cure of the decedent's cancer and therefore, was an intervening cause that broke the causal connection between appellant's negligence and the decedent's death due to rectal cancer because Dr. Bravo should have eliminated the cancer through surgery.
In the case of Cascone v. Herb Kay Co. (1983), 6 Ohio St.3d 155, the Ohio Supreme Court explained when an intervening act breaks the causal connection. The Court held:
 Whether an intervening act breaks the causal connection between negligence and injury, thus relieving one of liability for his negligence, depends upon whether that intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence. Id. at paragraph one of the syllabus.
"An important factor that must be considered in determining whether an intervening cause breaks the causal chain is that of the forseeability by the original tortfeasor of the intervening cause or causes which evolve into the situation causing the injury complained of." Id. at 159.
 If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone. Id. at 160, citing Mudrich v. Standard Oil Co. (1950), 153 Ohio St. 31, 39.
Appellant maintains that Dr. Bravo should have eliminated the decedent's rectal cancer by surgery and that his failure to do so was an intervening act that broke the causal connection between his negligence and the decedent's death. At trial, Dr. Bravo testified that by the time he performed surgery, on June 20, 1994, the decedent's cancer was very advanced because the tumor was through the wall and into the regional lymph nodes. Tr. at 19, 43.
Further, appellee presented medical reports of two board certified experts, Dr. Morgenstern-Clarren and Dr. Barry Singer. Both doctors stated that had appellant not deviated from the standard of care, the diagnosis of cancer would have been timely made and the decedent would have had a survival rate approaching eighty percent. Dr. Singer further stated that because of the delay in diagnosis, the probability of cure was less than forty percent. Appellant offered no expert testimony to contradict appellee's experts.
The surgery performed by Dr. Bravo was not an intervening act that broke the causal connection between appellant's negligence and the decedent's subsequent death. The evidence presented, at trial, supports the conclusion that appellant's negligence in failing to timely diagnose the decedent's rectal cancer was the direct and proximate cause of her death.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in assessing damages because it failed to apply the loss of a less-than-even chance of recovery or survival calculation of damages adopted by the Ohio Supreme Court in Roberts v. Ohio Permante Med.Group, Inc. (1996), 76 Ohio St.3d 483. We disagree.
In Roberts, the Ohio Supreme Court held:
 1. In order to maintain an action for the loss of a less-than-even chance of recovery or survival, the plaintiff must present expert medical testimony showing that the health care provider's negligent act or omission increased the risk of harm to the plaintiff. It then becomes a jury question as to whether the defendant's negligence was a cause of the plaintiff's injury or death. (Cooper v. Sisters of Charity of Cincinnati, Inc. [1971], 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, overruled.) Id. at paragraph one of the syllabus.
Recovery under this theory is possible only if the chance of survival is less than fifty percent at the time the negligence occurs. In the case sub judice, when appellant failed to diagnose the decedent's rectal cancer in May 1993, which was when appellant's negligence occurred, the decedent had an eighty percent chance of survival. Therefore, the loss of a less-than-even chance of recovery or survival calculation of damages is not applicable to the facts of this case.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
By: WISE, J., GWIN, P. J., and FARMER, J., concur.